HON. JOHN V. SIMON County Attorney, Niagara County
This is in response to your letter wherein you request an opinion of the Attorney General as to whether the Legislature of the County of Niagara has the power to delegate the authority to execute and deliver contracts authorized by the County Legislature to the Commission of Public Works, instead of the Chairman of the Board of Supervisors, notwithstanding County Law, § 450(3-d).
County Law, § 450(3), provides in part:
 "3. The board of supervisors may delegate to such chairman the power to: * * * (d) execute and deliver documents and contracts authorized by such board * * *."
New York State Constitution, Article IX, § 2(c)(1), provides:
 "In addition to powers granted in the statute of local governments or any other law, (i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government and, (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
 "The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees, except that cities and towns shall not have such power with respect to members of the legislative body of the county in their capacities as county officers." (Emphasis supplied.)
Municipal Home Rule Law, § 10(1)(a)(1), implements the constitutional provision. However, in each instance, the authorization to adopt such local law is granted on condition that such local law is not inconsistent with the provisions of the New York State Constitution or any general law.
New York State Constitution, Article IX, § 3(d)(1), defines a "General Law" as follows:
 "Whenever used in this article the following terms shall mean or include:
 "`General law.' A law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages."
Municipal Home Rule Law, § 2(5), defines a "General Law" in similar language.
The quoted portion of County Law, § 450(3) applies to all counties other than those wholly included within a city and, in that respect, are general laws that may not be amended or superseded by a local law.
We are sure that you are acquainted with the case of Seaman v Fedourich,16 N.Y.2d 94 (1965), where it was stated:
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State * * *."
In the cases of Wells v Town of Salina, 119 N.Y. 280, 287; ScarboroughProps. Corp. v Village of Briarcliffe Manor, 278 N.Y. 370; Marine MidlandTrust Co. v Village of Waverly, 42 Misc.2d 704, 706, 248 N.Y.S.2d 729
(1963), affd without opn 21 A.D.2d 753, 251 N.Y.S.2d 937 (1964), it was similarly enunciated that municipalities possess only those powers expressly conferred on them by the State Legislature or necessarily implied.
From all of the foregoing, we conclude that the Legislature of the County of Niagara is not authorized to delegate the authority to execute and deliver contracts to the Commission of Public Works.
Highway Law, Sections 300-314; Environmental Conservation Law, Section9-0501
A private road under Sections 300-314 of the Highway Law may not be established through land owned by the State devoted to a public use.
Dated: July 14, 1977
WELCH WELCH, ESQS. Special Counsel, Town of Hornby
This is in reply to your inquiry of June 3, 1977 concerning the establishment of a private road in accordance with Sections 300-314 of the Highway Law through property owned by the State.
You will note that no reference is made to the State as a party in any of the aforesaid highway sections. Section 303 which provides for service, applies to persons and is effected by leaving a copy of the application and notice at the person's residence if in the same town or by mail if residing elsewhere. "The word `person' does not, in its ordinary or legal signification embrace a state or government". (McKinney's Consolidated Laws of New York, Book 1, Statutes, Sec. 115, pg. 241). A statute does not apply to the State where its sovereign rights, prerogatives or interests are involved, unless it is specifically mentioned therein or included by necessary implication. (McKinney's Consolidated Laws, Sec. 115, pg. 239, supra.) In an opinion of the Attorney General concerning a change of route through lands of the State, it was held that the State is not bound by a statute unless expressly named or included by necessary implication. Where the legislature has conferred power to acquire lands by eminent domain, it does not apply to lands already dedicated by law to a public use unless such right is expressly conferred by the statute in direct terms or by necessary implication. (1923 Opin. Att'y Gen'l, pg. 344).
There also will be a further limitation in this matter if the property of the State was acquired for a reforestation area pursuant to Article 9, Title 5, Sec. 9-0501 of the Environmental Conservation Law, which provides that the area "shall be forever devoted" to such purpose.
You are therefore advised that sections 300-314 of the Highway Law for the establishment of a private road and through lands of others is not applicable to land owned by the State and devoted to public use.